IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUGO A. A. Q.,<br><br>        Petitioner,<br><br>v.<br><br>CHARLES GREEN,[1]<br><br>        Respondent. | HON. JOHN MICHAEL VAZQUEZ<br><br>Civil Action<br>No. 17-5755 (JMV)<br><br>**OPINION** |

**VAZQUEZ, District Judge:**

**I.    INTRODUCTION**

Petitioner has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his prolonged immigration detention. (ECF No. 1.) For the reasons stated herein, the petition is denied without prejudice.

**II.    BACKGROUND**

Petitioner is a native and citizen of El Salvador who entered the United States without inspection in or around 2010. (*See*, *e.g.*, ECF No. 7 at PageID: 38.) Petitioner was taken into custody by the United States Department of Homeland Security ("DHS") on March 5, 2016. (*See*, *e.g.*, *id.*) Petitioner has been detained at the Essex County Correctional Facility in Newark since that time. (*See*, *e.g.*, ECF No. 1 at PageID: 2.) Upon being taken into custody, DHS served Petitioner with notices informing, among other things, that he was being detained pursuant to 8

---

[1] On September 5, 2017, the Court dismissed the other Respondents named in Petitioner's habeas petition as "[t]he proper respondent for a habeas corpus proceeding is the Petitioner's immediate custodian, generally the warden of the facility where the petitioner is detained." (Order, ECF No. 3 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).)

U.S.C. § 1226(a), and that he could request a custody redetermination hearing, *i.e.*, a bond hearing, in which DHS's custody determination would be reviewed by an immigration judge ("IJ"). (*See* ECF No. 7-1 at PageID: 75-76, 78-81.)

Petitioner requested a redetermination of DHS's custody decision on March 5, 2016. (*Id.* at PageID: 78, 81.) Immigration Judge ("IJ") Mirlande Tadal held a custody hearing on May 18, 2016, at which time she found that Petitioner represented a "danger to [the] community" and that his continued detention was appropriate. (*Id.* at PageID: 83.) Petitioner reserved his right to appeal the IJ's custody decision. (*Id.*) It appears that Petitioner never pursued any such appeal (*see id.* at PageID: 86), and that the foregoing hearing continues to represent Petitioner's only effort to challenge DHS's custody determination in the immigration court.

On May 18, 2016, Petitioner conceded before the immigration court that he was removable as "[a]n alien present in the United States without being admitted or paroled." (*See* ECF No. 7-1 at PageID: 98 (citing Section 212(a)(6)(A)(i) of the Immigration and Nationality Act).) On July 19, 2016, Petitioner expressed a fear of return to El Salvador and sought withholding of removal to that country. (*Id.*) On January 18, 2017, IJ Theresa Holmes-Simmons issued a written decision denying Petitioner's withholding application. (*Id.* at PageID: 98-109.) On April 25, 2017, the Board of Immigration Appeals ("BIA") affirmed the IJ's denial. (*Id.* at PageID: 112-14.)

On May 17, 2017, Petitioner filed a petition for review ("PFR") in the Third Circuit (at Court of Appeals Docket No. 17-2122) challenging the BIA's April 25, 2017 removal decision; Petitioner contemporaneously requested a stay of his removal from the United States during the pendency of his PFR. (*Id.* at PageID: 116-19.) The Third Circuit has stayed Petitioner's removal during the pendency of Petitioner's PFR. (*Id.* at PageID: 157-58.) Petitioner's PFR remains pending before the Third Circuit.

*1. Petitioner's Prior Section 2241 Petition in the District of New Jersey*

Petitioner previously challenged his continuing immigration detention in this District via an earlier § 2241 habeas petition which Petitioner filed on September 16, 2016. (*See* Civil No. 2:16-cv-5718 (JMV), at ECF No. 1.) The undersigned denied that petition on April 26, 2017, based on the following considerations: (i) "Petitioner had a custody hearing [on May 18, 2016], and he was denied bond based on a finding that he was a danger to the community[;]" (ii) "this Court lacks jurisdiction to review the IJ's custody determination[;]" and (iii) Petitioner "has an avenue to seek release[] if his circumstances have changed materially since his prior bond redetermination hearing" because he "can obtain a bond redetermination hearing before an IJ, and the IJ's decision is appealable to the BIA." *See [Hugo A. A. Q.] v. Green*, 2017 WL 1535092, at *2-3 (D.N.J. Apr. 26, 2017). Ultimately, the Court dismissed Petitioner's earlier-filed § 2241 habeas petition after concluding that "Petitioner's discretionary detention under § 1226(a), beginning March 3, 2016, for which he received a bond redetermination hearing before an IJ, does not violate his right to due process." *Id.* at *3.

*2. Petitioner's Current § 2241 Action*

Petitioner filed the present petition for a writ of habeas corpus on August 4, 2017 (the "§ 2241 Petition"). (ECF No. 1.) The allegations set forth in Petitioner's current § 2241 Petition confirm that Petitioner is again challenging the IJ's May 18, 2016 custody determination and that Petitioner's March 5, 2016 request for a bond hearing continues to represent Petitioner's lone effort to challenge his continued detention in the immigration court. (*See*, *generally*, *id.*; *see also* Pet'r's Nov. 29, 2017 Reply, ECF No. 8 at PageID: 163-67.) Petitioner's current § 2241 Petition focuses on the fact that Petitioner has been detained at Essex County Correctional Facility since March 5, 2016; Petitioner avers that his continued immigration detention is unconstitutional in light of the

overlong nature of his detention. (*See*, *generally*, ECF Nos. 1 and 8.) Petitioner requests that this Court order his release from immigration custody, or, in the alternative, that this Court order another bond hearing. (*See* ECF No. 1 at PageID: 23-24.)

Respondent (the "Government") filed an answer to the claims raised in Petitioner's § 2241 Petition on October 26, 2017. (ECF No. 7.) The Government argues that the current § 2241 Petition should be denied because Petitioner has failed to exhaust available administrative remedies because he never appealed to the BIA challenging the IJ's May 18, 2016 custody decision and/or requested a bond redetermination hearing in the immigration court. (*Id.* at PageID: 48-51.) The Government further claims that because Petitioner – as an individual detained under § 1226(a)[2] – has already received a bond hearing, there is no additional relief available to him from this Court in this habeas proceeding. (*Id.* at PageID: 47-48, 51-57.)

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

---

[2] Petitioner agrees that he is currently being detained pursuant to § 1226(a). (*See* Nov. 29, 2017 Reply, ECF No. 8.)

## IV. ANALYSIS

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, *e.g.*, during the "pre-removal" period. Detention of an alien before entry of a final removal order is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) authorizes the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. This Section provides, in relevant part:

> (a) Arrest, detention, and release[-] On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c)[3] of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole[.]

8 U.S.C. § 1226(a).

The Court agrees with the parties that Petitioner is currently being held pursuant to § 1226(a) because the Third Circuit entered a stay of removal and Petitioner's PFR is still pending before that court. *See Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) (noting that "the two years for which Leslie was detained while [the Third Circuit] stayed his removal . . . was governed by the pre-removal statute, § 1226."). Aliens held pursuant to 8 U.S.C. § 1226(a) are

---

[3] 8 U.S.C. § 1226(c) speaks to mandatory detention pending the outcome of removal proceedings for certain criminal aliens. The Government does not contend that § 1226(c) is applicable to Petitioner.

5

entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009); 8 C.F.R. § 236.1(c)(8). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See*, *e.g.*, *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016).

In other words, where a § 1226(a) detainee was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and a petitioner seeking review of the bond decision must instead either appeal the bond denial to the BIA or seek his release through filing a request for a bond redetermination hearing. *Pena*, 2016 WL 74410, at *2; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without due process, in which case this Court may have the authority to order a new bond hearing. *See*, *e.g.*, *Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016).

Here, Petitioner has undisputedly received at least one bond hearing before an immigration judge, and there is nothing that has been presented to the Court which suggests that the hearing was conducted unlawfully or without due process. Moreover, it is undisputed that Petitioner has never filed an appeal in the BIA challenging the IJ's May 18, 2016 custody decision and/or requested another bond redetermination hearing in the immigration court. As a result, the Court

lacks authority to provide Petitioner the relief which he seeks. *See Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) ("This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted.") (citing *Garcia*, 2016 WL 1718102, at *3; *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions."); *see also Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

To the extent Petitioner is dissatisfied with the IJ's decision at his May 18, 2016 bond hearing, his remedy is to appeal that decision to the BIA or seek another bond re-determination under 8 C.F.R. § 1003.19(e) based on changed circumstances. *See Contant*, 352 F. App'x at 695; *Osbeli v. Green*, No. 18-2579, 2018 WL 3574879, at *3 (D.N.J. July 25, 2018); *Pena v. Davies*, 2016 WL 74410, at *2. It is undisputed that Petitioner has failed to seek either of these remedies since the Court denied his prior habeas petition on April 26, 2017. It follows that Petitioner's present § 2241 Petition is denied for substantially the same reasons that the undersigned denied Petitioner's prior § 2241 petition petition on April 26, 2017. Those considerations are as follows: (i) "Petitioner had a custody hearing [on May 18, 2016], and he was denied bond based on a finding that he was a danger to the community[;]" (ii) "this Court lacks jurisdiction [pursuant to 8 U.S.C. § 1226(e)] to review the IJ's custody determination[;]" and (iii) Petitioner "has an avenue to seek release . . . since his prior bond redetermination hearing" because he "can obtain a bond

7

redetermination hearing before an IJ, and the IJ's decision is appealable to the BIA." *See [Hugo A. A. Q.] v. Green*, 2017 WL 1535092, at *2-3 (D.N.J. Apr. 26, 2017). In light of the foregoing, the Court is constrained to conclude that "Petitioner's discretionary detention under § 1226(a), beginning March 3, 2016, for which he received a bond redetermination hearing before an IJ, does not violate his right to due process." *See id.*

## V.     CONCLUSION

For the reasons stated above, the habeas petition is denied without prejudice. An accompanying Order follows.


August 21, 2018                                                              s/ John Michael Vazquez
Date                                                                                     JOHN MICHAEL VAZQUEZ
                                                                                            United States District Judge